**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Norma Diaz Acosta, | No. CV-22-00349-PHX-DJH |
|       Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
|       Defendant. | |

Plaintiff Norma Diaz Acosta ("Plaintiff") seeks judicial review of a decision by the Social Security Administration ("SSA") Commissioner (the "Commissioner") denying Plaintiff's application for SSA disability benefits. Plaintiff filed her Opening Brief (Doc. 20).[1] The Court has reviewed the briefs and the Administrative Record (Doc. 19-3, "R."). For the reasons below, the Court affirms the Administrative Law Judge's ("ALJ") May 2021 decision (R. 19-3 at 30) finding Plaintiff is not disabled.

## I.    Standard of Review

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a

---

[1] Defendant filed a Response (Doc. 22); Plaintiff did not file a Reply.

conclusion when considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Social Security Act ("the Act"), the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a)–(g). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. *Id*. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. *Id*. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant is still capable of performing past relevant work, the claimant is not disabled, and the inquiry ends. If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. *Id*. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, the claimant is disabled. *Id.*

## II.    Procedural History

On June 5, 2019, Plaintiff protectively filed an application for a period of disability and disability benefits with an alleged onset date of March 27, 2019. (R. at 20).

1 The ALJ issued an unfavorable decision on May 19, 2021.  (*Id.* at 30).   The ALJ's
2 findings are as follows:

3      At step one, the ALJ found that Plaintiff met the insured status requirements of the
4 Act through March 31, 2029, and that she had not engaged in substantial gainful activity
5 since March 27, 2019.  (R. at 22).  At step two, the ALJ found that Plaintiff had the
6 following severe impairment: mild knee degenerative joint disease, RFhS negative
7 rheumatoid arthritis, retained bullet fragments in the lumbar spine and obesity.  (*Id.*)  At
8 step three, the ALJ determined that Plaintiff does not have an impairment or combination
9 of impairments that meets or medically equals an impairment listed in Appendix 1 to
10 Subpart P of 20 C.F.R. Pt. 404.

11      At step four, the ALJ found that Plaintiff had the RFC to perform "light work . . .
12 except she can never climb ladders, ropes or scaffolds. She can frequently stoop, kneel,
13 crouch, crawl and climb ramps or stairs. She can have occasional exposure to dangerous
14 moving machinery and unprotected heights. She can frequently handle and finger
15 bilaterally."  (*Id.* at 25.)  The ALJ concluded that Plaintiff was able to perform her past
16 relevant work as a tool crib attendant, and therefore Plaintiff was not disabled.
17 (*Id.* at 28).   The ALJ also made an alternative finding at Step Five of the evaluation
18 process, finding Plaintiff was not disabled because she could perform other jobs existing
19 in significant numbers in the national economy.  (*Id.* at 29).

20      The Appeals Council denied Plaintiff's request for review.  (*Id.* at 2).  This appeal
21 followed.

22 **III.   Discussion**

23      Plaintiff argues the ALJ erred in two ways: at Step Four by  determining that she
24 retained the ability to perform her past relevant work as a tool crib attendant; and (2) at
25 Step Five by finding she had acquired transferable skills to other light work.
26 (Doc. 20 at 1).  The Court will address Plaintiff's arguments in turn.
27 ///
28 ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**A.     The ALJ's Step Four Determination**

Plaintiff argues the ALJ erred in finding her capable of performing her past job as a tool crib attendant because (1) this job was a composite job and the Vocational Expert ("VE") failed to properly classify this work; and (2) Plaintiff performed the tool crib attendant job at the medium exertion level, not light.  (Doc. 20 at 4).

At step four, Plaintiff had the burden of showing she could no longer perform her past relevant work.  *See Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ may conclude a plaintiff can perform past relevant work by finding she is able to perform the actual functional demands and duties of a particular past relevant job *or* finding she is able to perform the functional demands and duties of the occupation as generally required by employers throughout the national economy.  *Id.* at 845.  Thus, Plaintiff had the burden to prove that she cannot perform her prior relevant work either as actually performed or as generally performed.  *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).  "An ALJ may use the testimony of a vocational expert to determine whether the claimant can perform past relevant work."  *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014) (citing 20 C.F.R. § 404.1566(e)).

At step four, the ALJ found that Plaintiff had past relevant work as a warehouse record clerk, a warehouse worker, and a tool crib attendant.[2]  (R. at 28).  In light of Plaintiff's RFC, the ALJ found Plaintiff could still work as a tool crib attendant at the light exertion level.  (*Id.*)  The record supports the ALJ's determination.  Plaintiff worked as a tool crib attendant at Epson and InStaff for approximately thirteen years.  (R. at 31).  At the administrative hearing, the VE classified Plaintiff's tool crib attendant position as requiring light exertion but noted that Plaintiff performed it once at light exertion and once at medium exertion for different employers, Instaff and Epson.  (*Id.* at 51).  The ALJ then posed an RFC for a hypothetical person with Plaintiff's characteristics that matched the light exertion RFC he later identified for Plaintiff.  (*Id.*)  The VE testified that the

---

[2] Although the ALJ discussed additional work positions, the Court will consider her determinations as to the tool crib attendant position because Plaintiff specifically raised this issue.

1   hypothetical person would be able to perform the tool crib attendant job as actually

2   performed by Plaintiff at the light exertion level.  (*Id.* at 52).

3         Plaintiff claims the VE and ALJ relied on an inaccurate or insufficient

4   understanding of the actual tasks demanded in Plaintiff's past work, and thus there was

5   not a meaningful evaluation of whether she could perform her past work as actually or

6   generally performed.  (Doc. 20 at 10).  The record belies Plaintiff's contention.  The ALJ

7   noted in her decision that Plaintiff's work history reports were inconsistent with

8   Plaintiff's earnings record, and so the ALJ allowed Plaintiff to file a post-hearing brief

9   describing her work history and the differences between her job at InStaff and Epson.

10   (R. at 93–96).  Plaintiff's post-hearing brief, however, failed to clarify the differences

11   found in the records and the ALJ therefore classified Plaintiff's work based on the

12   answers she provided to the VE and on her initial work report found at Exhibit 6E (Doc.

13   19-7 at 31–38).  (R. at 28).  Indeed, the ALJ is responsible for resolving conflicts in

14   testimony, determining credibility, and resolving ambiguities.  *Andrews v. Shalala*, 53

15   F.3d 1035, 1039 (9th Cir. 1995).  The ALJ did so here.  Because Plaintiff did not meet

16   her burden of showing she could not perform past relevant work, the ALJ properly found

17   she was not disabled.  The Court finds no error regarding the ALJ's Step Four analysis.

18   Substantial evidence supports the ALJ's determination.

19       **B.**    **The ALJ's Step Five Alternative Determination**

20         Last, any alleged error regarding the ALJ's Step Five alternative determination is

21   moot or harmless because the Court finds that substantial evidence supports the ALJ's

22   Step Four finding that Plaintiff could perform her past relevant work.  *See Kimmel v.*

23   *Astrue*, 2012 WL 680332, at *4 (C.D. Cal. Mar. 1, 2012) (holding that "[s]ince the Court

24   finds no error with regard to the Step Four analysis, the issue concerning alleged error

25   with regard to the Step Five process is effectively mooted"); *see also Stout v. Comm'r,*

26   *Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (error is harmless when it occurs

27   in a step the ALJ was not required to perform).

28   / / /

Accordingly,

**IT IS HEREBY ORDERED** that the Administrative Law Judge's May 2021 decision (R. 19-3 at 30) is **affirmed**.  The Clerk of Court is directed to enter judgment accordingly and dismiss this action.

Dated this 5th day of September, 2023.

Honorable Diane J. Humetewa
United States District Judge